# In the United States Court of Federal Claims

No. 13-532 C

(Filed August 19, 2013)

```
* * * * * * * * * * * * * * * * * * * *
ECOTOUR ADVENTURES, INC.,          *
                                   *
                Plaintiff,         *
                                   *
       v.                          *
                                   *
THE UNITED STATES,                 *
                                   *
                Defendant.         *
* * * * * * * * * * * * * * * * * * * *
```

## AMENDED SCHEDULING ORDER

Currently pending before the court is defendant's August 15, 2013 Motion to Dismiss the bid protest complaint filed by plaintiff EcoTour Adventures, Inc. (EcoTour) on August 1, 2013. At the outset of the bid protest the parties agreed that the protest could best be resolved by addressing the merits of the case. In that regard, the government represented that although a final award decision had been reached, no award had been made. The government therefore agreed to defer all further procurement activities to permit a briefing of all of the issues and the issuance of a decision on the merits by this court. Accordingly, the court's August 6, 2013 Scheduling Order acknowledged the government's agreement to suspend all procurement activity on the disputed solicitation and set forth a briefing schedule to resolve all outstanding issues in the protest, including jurisdictional disputes.

Despite the established briefing schedule, defendant, on August 15, 2013, filed a motion to dismiss the bid protest. In its motion, the government asserts that its prior statement that a final decision had been made by the source selection authority (SSA or Director) was in error and, in fact, no actual final decision has been made. Therefore, defendant contends that the bid protest should be dismissed on ripeness grounds. Defendant also asks the court to stay further briefing in the

protest and to lift the suspension of procurement activity to permit the SSA to arrive at and issue a final decision.

On August 15, 2013, plaintiff filed a response in which it opposes the government's motion and contends that the administrative record demonstrates that the Director has already rendered his final decision.  Plaintiff also opposes any changes to the briefing schedule and opposes lifting the suspension of further procurement activity.  On August 16, 2013, the government filed its reply in which it reiterates its argument that the administrative record contains no written final decision by the SSA.

On August 16, 2013, the court held a telephonic conference call with the parties to discuss the issues presented in defendant's motion to dismiss.  At the outset of the teleconference, the court noted that only two of the three counts in plaintiff's Amended Complaint appear susceptible to a ripeness challenge.  The court further noted that the jurisdictional facts necessary to resolve defendant's motion to dismiss have not been fully developed, either through the parties' briefs or the administrative record.  The court, therefore, with the input and agreement of counsel, established a revised briefing schedule to allow the Director to render a final decision regarding the contracts at issue – but *not* to issue an actual contract award – and to allow defendant to supplement the administrative record accordingly.

Accordingly, it is hereby **ORDERED** that:

(1)     The court **DEFERS** ruling on defendant's Motion to Dismiss for Lack of Jurisdiction, filed August 15, 2013, and suspends all subsequent briefing on the motion until further order of the court;

(2)     Defendant's Motion to Suspend the Briefing Schedule, filed August 15, 2013, is **DENIED** as moot;

(3)     Defendant's August 15, 2013 Motion to Lift the Temporary Suspension Described in the Scheduling Order Entered August 6, 2013, is **GRANTED**;

(4)    The Clerk's Office is directed to **LIFT** the temporary suspension on further procurement activity set forth in the Scheduling Order entered August 6, 2013;

(5)    Defendant shall **FILE** a **Supplement to the Administrative Record** no later than **5:00 p.m. eastern time** on **September 6, 2013**, which shall include (1) the SSA's written final decision regarding the contracts at issue, and (2) all documentation supporting the SSA's written final decision.  Defendant shall **DELIVER** two bound, tabbed, and indexed paper copies of the **Supplement to the Administrative Record** to chambers no later than **5:00 p.m. eastern time** on **September 9, 2013**;

(6)    Plaintiff shall **FILE** its **Motion for Judgment on the Administrative Record** no later than **5:00 p.m. eastern time** on **September 20, 2013**;

(7)    Defendant shall **FILE** its **Cross-Motion for Judgment on the Administrative Record and Response to Plaintiff's Motion for Judgment on the Administrative Record** by **5:00 p.m. eastern time** on **October 4, 2013**.  Defendant may, in the alternative, file a combined Motion to Dismiss and Cross-Motion for Judgment on the Administrative Record;

(8)    Plaintiff shall **FILE** its **Response/Reply to Defendant's Cross Motion** by **5:00 p.m. eastern time** on **October 11, 2013**;

(9)    Defendant shall **FILE** its **Reply** by **5:00 p.m. eastern time** on **October 18, 2013**;

(10)    Except as otherwise provided herein, whenever briefing, including exhibits and attachments, causes an electronic filing to exceed thirty pages, the party shall **DELIVER** two paper courtesy copies of that filing to chambers by **5:00 p.m. eastern time the day the filing is due**; and

(11)    Oral Argument in this case shall be **HELD** on **October 23, 2013** at **2:00 p.m. eastern time** at the United States Court of Federal Claims, National Courts Building, 717 Madison Place, N.W., Washington,

DC.  The location of the courtroom will be posted on the directory in the lobby.

/s/Lynn J. Bush
LYNN J. BUSH
Judge